# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01CR0063 | **DATE** | January 14, 2002 |
| **CASE TITLE** | *United States v. Fassnacht and Malanga* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Parties' Motions in Limine

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the accompanying memorandum, the defendants' joint motion in limine to exclude references to the Abu Dhabi Investment Authority's Full Name, Location or National Origin is granted; defendant Malanga's motion in limine to bar reference to SEC Consent Decree and Proceedings is granted; defendant Malanga's motion in limine to bar reference to irrelevant and prejudicial statements is stricken as moot; the government's motion in limine to preclude the admission of certain defense exhibits pertaining to payment of funds made by defendant Malanga to the IRS is denied; and the government's motion in limine to preclude the testimony of the defendants' expert witness is taken under advisement. The Court also strikes Defendants' Proposed Statement of the Case and again directs the parties to file a joint statement of the case.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 16 2002 | |
| | Notified counsel by telephone. | | date docketed | 48 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RTS | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Hon. Blanche M. Manning |
| v. ) | |
| ) | 01 CR 0063 |
| JOHN FASSNACHT and ) | |
| VINCENT MALANGA ) | |

DOCKETED JAN 1 6 2002

## MEMORANDUM AND ORDER

Defendants John Fassnacht and Vincent Malanga are charged with conspiring to commit tax evasion, tax evasion, and obstruction of justice. Fassnacht is also separately charged with making false statements in an interview to an Internal Revenue Service ("IRS") agent. A complete summary of the factual allegations underlying the indictment is contained in this Court's January 11, 2002 Memorandum and Order ruling on the parties' various pre-trial motions. Defendants and the Government have also submitted motions in limine for the Court's review. The Court will address each motion in turn.

I. **Defendants' Joint Motion in Limine to Exclude References to the Abu Dhabi Investment Authority's Full Name, Location or National Origin**

The defendants move the Court to enter an order instructing the government to refrain from making any reference to the Abu Dhabi Investment Authority's[1] full name, location or national origin and requiring the government to refer to the company as "ADIA." The

---

[1] ADIA is the overseas client who paid LPM the $1.35 million incentive fee that the government contends that the defendants diverted to an offshore bank account to avoid including it as income on LPM's tax returns.

1



government does not oppose the motion; therefore, the defendants' motion in limine is granted.

## II. Defendant Malanga's Motion in Limine to Bar Reference to SEC Consent Decree and Proceedings

Defendant Malanga seeks to bar the government from referring to or presenting evidence at trial of a prior investigation by the United States Securities and Exchange Commission ("SEC") regarding Malanga's involvement in trading issues during 1990-1995. The government does not oppose the motion; therefore, Defendant Malanga's motion in limine is granted.

## III. Defendant Malanga's Motion in Limine to Bar Reference to Irrelevant and Prejudicial Statements

Defendant Malanga also moves the Court to bar the presentation of, or reference to, any oral or written evidence that he threatened the safety of a former employee in Chicago because of her alleged cooperation with the government. The Court has already addressed this issue in its January 11, 2002 Memorandum and Order; therefore, this motion is stricken as moot.

## IV. Government's Motion in Limine to Preclude the Admission of Certain Defense Exhibits Pertaining to Payment of Funds Made by Defendant Malanga to the IRS

The government seeks to have the Court bar evidence that Defendant Malanga tendered two checks (along with two letters) to the IRS in June and October 1996 claiming to represent his portion of taxes owed on the 1994 commission received from the ADIA. The gist of the government's argument is that the checks and letters are inadmissible self-serving hearsay statements under Federal Rules of Evidence 801 and 802, and are at any rate irrelevant because the funds were tendered to the IRS one month after the time frame alleged in the indictment.

Malanga responds that the payments are necessary to establish his good faith payment of

the taxes and negate the willfulness element of the crimes of which he has been charged. He asserts that he tendered the payments to the IRS in the year that he actually received the fees. Malanga contends that this is entirely consistent with the practice of the hedge fund industry in that advisory fees received from foreign investors may be taxable to the advisor when ultimately received by the advisor. The Court finds that the checks and letters are relevant to whether Malanga acted with the proper state of mind. The government may cross-examine Malanga as to the suspicious timing of the payments (two years after LPM received the incentive fee and one month after the grand jury investigation began). Accordingly, the government's motion in limine is denied.

V.  **Government's Motion in Limine to Preclude the Testimony of Defendants' Expert Witness, Scott Bakal**

The government has untimely moved, without leave of court, to preclude the testimony of the defendants' expert witness, Scott Bakal. Because of the untimely nature of the motion, the Court will take it under advisement and conduct a hearing regarding the admissibility of Bakal's testimony outside the presence of the jury. Before any evidence relating to Bakal's opinion is elicited, the defendants must alert the Court to such plans.

VI. **Conclusion**

For the foregoing reasons,

1) the defendants' joint motion in limine to exclude references to the Abu Dhabi Investment Authority's Full Name, Location or National Origin is granted;

2) defendant Malanga's motion in limine to bar reference to SEC Consent Decree and Proceedings is granted;

3

3) defendant Malanga's motion in limine to bar reference to irrelevant and prejudicial statements is stricken as moot;

4) the government's motion in limine to preclude the admission of certain defense exhibits pertaining to payment of funds made by defendant Malanga to the IRS is denied; and

5) the government's motion in limine to preclude the testimony of the defendants' expert witness, Scott Bakal, is taken under advisement.

IT IS SO ORDERED.

Enter:

_____
Blanche M. Manning

U.S. District Court Judge

Date: January 14, 2002